**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ANNE TERMINI,

        -against-

ROBERT J. ROELLE, individually,
RAYMOND SANCHEZ, individually,
ZOILA TAZI, individually, BOARD OF
EDUCATION OF THE OSSINING
UNION FREE SCHOOL DISTRICT,
and OSSINING UNION FREE SCHOOL
DISTRICT,

              Defendants.

-------------------------------------------------------x

07 Civ.   (   )

**'07 CIV 10483**

**BRIEANT**

**COMPLAINT**

**Jury Trial Demanded**

      Plaintiff ANNE TERMINI, by her attorneys Lovett & Gould, LLP, for her

complaint respectfully states:

## NATURE OF THE ACTION

    1. This is an action for compensatory and punitive damages, proximately resulting

from conduct jointly engaged in by Defendants while acting under color of New York

State law, for violations of Plaintiff's rights as guaranteed by the First Amendment and

Fourteenth Amendments, 42 U.S.C. §1983, and 42 U.S.C. §1981.

## JURISDICTION

    2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

1

## THE PARTIES

3. Plaintiff ANNE TERMINI is a female Caucasian citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. Except as otherwise indicated *infra* at all times relevant to this complaint she was employed on a probationary basis by the Defendant District as a Bi-Lingual School Social Worker. With the exception of one calculatedly false job performance evaluation fabricated by Defendant Roelle in May of 2007 to pretextually justify the termination of Plaintiff's employment, her job performance evaluations over the years were consistently excellent.

4. Defendant ROBERT J. ROELLE (hereinafter "Roelle"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was the duly appointed Superintendent of Schools for the Defendant District.

5. Defendant RAYMOND SANCHEZ (hereinafter "Sanchez"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was the duly appointed Assistant Superintendent for Elementary Education and Human Resources in the Defendant District. Sanchez is Hispanic and along with Tazi successfully urged their co-defendants to agree to terminate Plaintiff's employment in substantial respect by reason of her race as set forth *infra*.

6. Defendant ZOILA TAZI (hereinafter "Tazi"), who is sued in her individual and personal capacities only, at all times relevant to this complaint was employed by the Defendant District as a School Principal. Tazi is a Hispanic and as such a community activist regarding matters affecting Latinos. With respect to the facts alleged *infra* in paragraph 8(b) Tazi was the initial proponent of Plaintiff's termination by reason of her

race. Tazi's co-defendants subsequently agreed with her and were therefore motivated in substantial respect to terminate Plaintiff's employment by reason of her race.

7. Defendant BOARD OF EDUCATION OF THE OSSINING UNION FREE SCHOOL DISTRICT (hereinafter "Board") is the duly elected governing body of the Defendant OSSINING UNION FREE SCHOOL DISTRICT (hereinafter "District"), a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. The individual members of the Board, by reason of Plaintiff's First Amendment protected activities referenced *infra* agreed with their co-defendants to terminate Plaintiff's employment in substantial respect by reason of her: i) race; ii) her petitioning the District/Board for the redress of grievances, and engaging in First Amendment protected speech in that connection.

## THE FACTS

8. In early 2007 Plaintiff was advised that members of the District's Administration - - later identified as the individually named Defendants and the members of the Board - - were considering denying Plaintiff tenure because:

a. As a parent residing in the District she along with other concerned citizens (who were not District employees) circulated and submitted to the Board a petition opposing, as educationally unsound and academically contraindicated, the District's elimination of two programs, the "Science Inquiry Program" and the "Advanced Math Program", and/or,

b. As a Caucasian parent and resident in the District Plaintiff had relocated her family's home from a substantially Hispanic, transient and crime-ridden neighborhood to a substantially Caucasian, stable and largely crime-free neighborhood.

9. Out of concern that these two circumstances were being discussed in connection with a proposal to deny her tenure, Plaintiff met with Sanchez and expressed her good faith belief that the District intended to deny her tenure because of the petition and/or because of her race and her change in the location of her residence as referenced *supra* in paragraph "8". Sanchez said nothing in response.

10. Out of the same concern referenced in the preceding paragraph "9", on April 4, 2007, Plaintiff sent a letter to the members of the Board expressing her good faith belief that the Administration intended to deny her tenure for the reasons set forth *supra* in paragraph "8".

11. On April 25, 2007, Roelle (acting in furtherance of his agreement with his co-defendants) advised Plaintiff in writing that the Board had received her letter of April 4, 2007, baldly asserting "that tenure decisions are not made based on an individual's personal life decisions as you erroneously believe".

12. By letter dated May 9, 2007, Roelle (acting in furtherance of his agreement with his co-defendants) notified Plaintiff that at the Board's meeting of June 13, 2007, the Board was going to approve his recommendation to deny Plaintiff tenure and terminate her employment. Effective July 14, 2007, the Board in fact approved the recommendation and terminated Plaintiff's employment.

13. By letter dated May 11, 2007 (hereinafter the "gag order"), Sanchez (acting in furtherance of his agreement with his co-defendants) advised Plaintiff that effective

"immediately" she was "reassigned to [her] home for the remainder of the 2007-2007 school year [and that d]uring this period of time [she was] not to enter any of the school buildings, or contact any student, any parent, or any staff member".

14. By letter dated May 21, 2007, Sanchez (acting in furtherance of his agreement with his co-defendants) modified the gag order slightly so as to exclude from its scope any contacts by Plaintiff with staff members for "personal reasons".

15. Also by letter dated May 21, 2007, Roelle (acting in furtherance of his agreement with his co-defendants) set forth six calculatedly false and pretextual reasons - - completely inconsistent with Plaintiff's excellent job performance evaluations over the years of her employment by the District - - in a clumsy effort to mask the Defendants' actual motivation to terminate Plaintiff:

a. Because she petitioned the District for redress of grievances and in that connection engaged in protected speech, and/or

b. Because she is Caucasian and relocated her family's residence as indicated *supra*. With respect to identically situated Hispanic and/or African-American employees Defendants have never terminated their employment and/or denied them tenure either by reason of their race and/or by reason of the racial composition of the neighborhood in which the live and/or from which they moved.

16. As a proximate result of Defendants' conduct Plaintiff has been caused to suffer: substantial out-of-pocket losses and the loss of related employment benefits; emotional upset; anxiety; public humiliation; public embarrassment; shame; public ridicule; violations of her right to free speech and to petition government; a violation of

her right to Equal Protection; a violation of her rights as guaranteed by 42 U.S.C. §1981; and she has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM

17. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "16', inclusive.

18. Under the premises Defendants' denial of tenure to Plaintiff and termination of her employment violated her rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

19. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "16', inclusive.

20. Under the premises Defendants' denial of tenure to Plaintiff and termination of her employment violated her rights as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM

21. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "16', inclusive.

22. Under the premises Defendants' denial of tenure to Plaintiff and termination of her employment violated her rights as guaranteed by 42 U.S.C. §1981.

WHEREFORE a judgment is respectfully demanded:

    a.  Awarding as against the individually named Defendants such punitive damages as the jury may impose,

    b.  Awarding as against all Defendants such compensatory damages as the jury may determine,

    c.  Awarding as against all Defendants reasonable attorney's fees and costs, and,

    d.  Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       November 16, 2007

LOVETT & GOULD, LLP
By:
Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401