UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANNE TERMINI,

                          Plaintiff,                    **Index No. 07-CV-10483
                                                        (CJB)**

          -against-

ROBERT J. ROELLE, individually, RAYMOND SANCHEZ,
individually, ZOLIA TAZI, individually, BOARD OF
EDUCATION OF THE OSSINING UNION FREE SCHOOL
DISTRICT, and OSSINING UNION FREE SCHOOL
DISTRICT,

                          Defendants.

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS THE FIRST AND
## SECOND CAUSES OF ACTION IN THE COMPLAINT

Of Counsel:                    TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP
Lisa L. Shrewsberry            Attorneys for Defendants
Beth J. Hoffman                Mid-Westchester Executive Park
                               Seven Skyline Drive
                               Hawthorne, New York 10532
                               (914) 347-2600

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of the motion to dismiss plaintiff's first and second causes of action, alleging violations of her First and Fourteenth Amendment Rights pursuant to 42 U.S.C. §1983[1], by defendants Robert J. Roelle, Raymond Sanchez, Zolia Tazi (collectively the "individual defendants"), the Board of Education of the Ossining Union Free School District ("the Board of Education"), and the Ossining Union Free School District (the "School District")(collectively the "School District defendants"). Defendants move to the dismiss these claims as against defendants because plaintiff has failed to allege facts sufficient to sustain a claim pursuant to 42 U.S.C. §1983. With respect to Ms. Tazi, we move to dismiss these claims for the additional reason that plaintiff has failed to alleged any personal involvement by her as required under §1983. Finally, we move to dismiss these claims as against the School District defendants on the additional basis that plaintiff has failed to allege any policy, practice or custom of the Ossining School District that caused the alleged constitutional violations.

## STATEMENT OF FACTS

Plaintiff Anne Termini commenced this action pursuant to 42 U.S.C § 1983 by alleging that her First and Fourteenth Amendment rights were violated when the defendants terminated her employment with the School District as a social worker for allegedly racially motivated reasons, and because she had engaged in constitutionally protected speech.

---

[1] Defendants are not currently moving to dismiss plaintiff's third cause of action for alleged violation of rights as guaranteed by 42 U.S.C. §1981, in recognition of the standards applicable to a motion to dismiss. The defendants, however, strongly deny all allegations and claims brought by pursuant to 42 U.S.C. §1981 and reserve the right to seek disposition of this claim in the future.

Plaintiff, a Caucasian citizen of the United States, was employed by the School District as a bi-lingual social worker. Compl. at ¶3 (a copy of which has been annexed to the Declaration of Beth J. Hoffman dated January 18, 2008 ("Hoffman Decl.") as Exhibit "A"). Robert J. Roelle was the Superintendent of Schools for the Ossining School District. Compl. at ¶4. Raymond Sanchez was the Assistant Superintendent for Elementary Education and Human Resources and Zoila Tazi was the School Principal employed by the School District. Compl. at ¶6. Plaintiff alleges that in early 2007, she was advised by the individually named defendants and other members of the Board of Education that they were considering denying her tenure. Compl. at ¶8. Plaintiff alleges that the bases for this denial of tenure were because: (1) as a parent residing the School District, she signed a petition that opposed the elimination of two educational programs; and (2) as a Caucasian person, she moved her family from a substantially Hispanic and crime-ridden neighborhood to a substantially Caucasian and crime-free neighborhood. Compl. at ¶¶8, 15. Plaintiff alleges she confronted Mr. Sanchez about her concern that her denial of tenure was a result of these factors, to which Mr. Sanchez did not respond. Compl. at ¶9. On April 4, 2007, plaintiff alleges that she then sent a letter to members of the Board of Education informing them of her belief that her denial of tenure was based upon these factors. Compl. at ¶10. On April 25, 2007, plaintiff alleges she was advised in writing by Mr. Roelle "'that tenure decisions are not made based upon on an individual's personal life decisions as you erroneously believe." Compl. at ¶11.

Plaintiff then alleges that in May 2007, she received three more letters from Mr. Roelle and Mr. Sanchez informing her that the Board of Education was going approve the denial of her tenure,

that she was re-assigned to her home for the remainder of the 2006-2007 school year[2], and that she was only permitted to enter the school premises or contact any student, parent or staff person for "personal reasons." Compl. at ¶¶12-14. Plaintiff further alleges that on May 21, 2007, Mr. Roelle issued a letter setting forth six reasons, related to plaintiff's job performance, that were the bases for her termination. Compl. at ¶15. Further, plaintiff alleges that these bases were "false and pretextual reasons," and inconsistent with her prior job performance evaluations. Compl. at ¶15. Finally, it is alleged, that effective July 14, 2007, the Board of Education approved plaintiff's termination of employment with the School District. Compl. at ¶12. Plaintiff then reiterates substantially the same two assertions, without any factual support, that her termination was based upon her signing of the petition and was racially motivated because of the relocation of her family. Compl. at ¶15(a), (b).

---

[2]In the complaint plaintiff alleges the "2007-2007 school year." Compl. at ¶13. Presumably this a typographical error and defendants will assume for purposes of this motion that plaintiff intended to state "2006-2007 school year."

## POINT I

## PLAINTIFF HAS FAILED STATE
## A CLAIM PURSUANT TO 42 U.S.C. §1983

It is well settled that "in order to prevail on a §1983 claim, it is necessary for the plaintiff to show that [he] was deprived of rights, privileges or immunities secured by the Constitution or laws of the United States by a person acting under the color of state law." *Johnson v. Washington Mutual Bank*, 2006 U.S. Dist. LEXIS 26729 (E.D.N.Y. 2006) (*collecting cases*). However, in order to properly plead such a claim, the plaintiff's complaint must include "specific allegations of acts which indicate a deprivation of constitutional rights: allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under §1983." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987); *Williams v. New York City Hous. Auth. & Local 237*, 2007 U.S. Dist. LEXIS 91134 (S.D.N.Y. 2007)("The Court 'will dismiss a complaint that 'consist[s] of nothing more than naked assertions, and set[s] forth no facts upon which a court could find a [constitutional] violation.'"). Moreover, as the United States Supreme Court has recently stated in discussing the general pleading requirements of Fed.R.Civ.P. 8, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955; 167 L. Ed. 2d 929 (2007).

Here, plaintiff makes two claims pursuant to §1983 – one for violation of her First Amendment rights and the other for violation of her right to equal protection under the Fourteenth

Amendment. However, a review of plaintiff's complaint reveals that she has failed to adequately plead these claims pursuant to pleading standards for a §1983 claim.

## A.    **First Amendment Claim**

"In order to prevail on a claim of retaliation in violation of the First Amendment under 42 U.S.C. § 1983, a [public employee], must first show that: (1) she engaged in constitutionally protected speech because she spoke as a citizen on a matter of public concern; (2) she suffered an adverse employment action; and (3) the speech was a 'motivating factor' in the adverse employment decision." *McGuire v. Warren*, 207 Fed. Appx. 34 (2d Cir. 2006) *citing Skehan v. Village of Mamaroneck*, 465 F.3d 96, 106 (2d Cir. 2006).

While plaintiff herein alleges that she was acting as "as a parent" when she "circulated and submitted to the Board a petition opposing" the elimination of certain educational programs by the School District (Compl. at ¶ 8(a)), plaintiff fails to make **any** specific allegations about how this allegedly protected speech was the "motivating factor" in the School District's decision to terminate her employment. Instead, plaintiff simply alleges that she expressed her belief to Mr. Sanchez and the Board that signing the petition was reason the "District intended to deny her tenure..." Compl. at ¶9.

Plaintiff alleges no fact, circumstance or event which supports that her signing of the petition was in any way a "motivating factor" in the School District's decision to deny her tenure and terminate her employment, and therefore allegedly violated her First Amendment rights, except for her own conclusory allegation and assertion of the claim. *Johnson v. Washington Mutual Bank*, 2006 U.S. Dist. LEXIS 26729 (E.D.N.Y. 2006) ("The mere mention of the phrase 'Section 1983' in the Amended Complaint fails to meet even the liberal pleading requirements afforded to litigants"); *see*

*also Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993) ("[C]omplaints containing only conclusory, vague or general allegations that defendants have engaged in a conspiracy to deprive plaintiff of constitutional rights are properly dismissed."). In fact, plaintiff alleges that she was advised in writing "that tenure decisions are not made based on an individual's personal life decisions as you erroneously believe." Compl. at ¶11. Thus, plaintiff has actually pled evidence in her complaint which is contrary to her claim and supports defendants' position that plaintiff's termination was for non-retaliatory and non-discriminatory reasons.

Accordingly, as plaintiff has failed to allege sufficient facts to sustain a claim pursuant to 42 U.S.C. §1983, this claim should be dismissed.

**B.    Fourteenth Amendment Claim**

For the same reasons, plaintiff's claim of a denial of her right to equal protection pursuant to the Fourteenth Amendment also fails. "Employment discrimination actions brought as equal protection claims under 42 U.S.C. §1983 are subject to the same evaluation as Title VII claims." *Sharif v. Buck*, 152 Fed. Appx. 43 (2d Cir. 2005); *see also Back v. Hastings on Hudson Union Free School Dist.*, 365 F.3d 107, 123 (2d Cir. 2004). Thus, to plead a claim of discriminatory termination, a plaintiff must allege that "(1) he belongs to a protected class; (2) he was performing his duties satisfactorily; (3) he was discharged; and (4) the discharge occurred under circumstances sufficient to create an inference of discrimination. *Sharif v. Buck*, 152 Fed. Appx. 43 (2d Cir. 2005).

Here, plaintiff alleges that as a Caucasian person, she moved from a substantially Hispanic neighborhood to a predominately Caucasian neighborhood and thus, she was racially discriminated against when she was terminated by the School District. Compl. at ¶¶ 8(b), 15(b). Assuming for purposes of this motion that plaintiff has satisfied the first three elements of the claim, including that

-7-

plaintiff was performing her job satisfactorily (which defendants strenuously contest), plaintiff has

not in any way alleged how her decision, as a Caucasian person to move to Caucasian neighborhood,

led to a racially based decision to terminate her employment. Notwithstanding the fact that it defies

logic how such a circumstance could lead to her allegedly racially motivated termination, plaintiff

has not even attempted to allege the "how" in her complaint. She again sets forth no facts,

circumstances or events, or even hints at any, in the Complaint. Rather, she simply asserts that as

result of her move, her Fourteenth Amendment equal protection rights were violated pursuant §1983.

Moreover, she relies on the same allegations that specifically state that the decision to terminate her

employment *was not* based upon her personal decisions. Compl. at ¶11. As set forth above, when

alleging a claim pursuant to 42 U.S.C. §1983, it is not sufficient to simply invoke the statute and a

vague allegation of the violation of a constitutional right. *Johnson v. Washington Mutual Bank*,

2006 U.S. Dist. LEXIS 26729 (E.D.N.Y. 2006); *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct.

1955; 167 L. Ed. 2d 929 (2007).

Accordingly, since plaintiff has failed to properly allege sufficient facts to sustain a claim

pursuant 42 U.S.C. §1983, plaintiff's first and second claim should be dismissed.

## POINT II

### PLAINTIFF HAS FAILED ALLEGE ANY PERSONAL INVOLVEMENT OF DEFENDANT TAZI

Plaintiff fails to state a claim as against Ms. Tazi because she fails to allege any facts which show that Ms. Tazi was personally involved plaintiff's allegedly racially motivated and retaliatory termination from employment by the School District. It is well established that §1983 imposes liability **only** upon a defendant who personally "subjects or caused to be subjected" any person to the deprivation of a federal right. Accordingly, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983." *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986), *quoting, McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087 (1978); *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001). The Second Circuit has also noted that where a complaint is entirely devoid of any allegations of personal involvement by defendants named in the caption, the complaint is "fatally defective on its face." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987).

In her complaint, plaintiff fails to make any allegation that Ms. Tazi was personally involved in the decision to terminate her employment in way. In fact, Ms. Tazi is only referenced once on the entire complaint in the section entitled "Parties." There, plaintiff simply alleges that Ms. Tazi was a Hispanic school principal in the School District and a community activist, and as such was "the initial proponent of Plaintiff's termination by reasons of her race." Compl. at ¶6. However, plaintiff provides no facts to support this conclusory allegation and fails to ever mention Ms. Tazi again in the Complaint. Absent any alleged personal involvement by Ms. Tazi in the decision to terminate plaintiff, she cannot be held liable for any alleged constitutional violations. *See Williams v. Smith*,

781 F.2d 319, 323-24 (2d Cir. 1986).  Nor is it alleged that Ms. Tazi had any supervisory responsibility over those who are alleged to have been involved the alleged constitutional deprivation –i.e. the Board, Superintendent Roelle or Assistant Superintendent Sanchez-- and thus, turned a blind eye to their alleged misconduct.  *See Allah v. Poole*, 506 F. Supp. 2d 174, 192 (W.D.N.Y. 2007) *citing Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir. 1995); *Williams v. Smith,* 781 F.2d 319, 323-24 (2d Cir. 1986).

Accordingly, plaintiff's claims for violations of her First and Fourteenth Amendment Rights pursuant to 42 U.S.C. §1983 against Ms. Tazi should be dismissed.

## POINT III

### PLAINTIFF'S HAS FAILED TO ALLEGE A CLAIM PURSUANT 42 U.S.C. §1983 AGAINST THE OSSINING SCHOOL DISTRICT DEFENDANTS

In order to hold a municipality liable as a "person" within meaning of §1983, the plaintiff must establish that the municipality is somehow at fault. *Oklahoma v. Tuttle*, 47 U.S. 808, 810, 105 S. Ct. 2427, 85 L. Ed. 791(1985); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Thus "a municipality cannot be held liable under §1983 on a respondeat superior theory," and instead must be found to have, itself, committed the wrong. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). "For purposes of §1983, school districts are considered to be local governments and are subject to similar liability as local governments under Monell." *Scaggs v. New York State Dep't of Educ.*, 2007 U.S. Dist. LEXIS 35860, 49-50 *quoting Booker v. Bd. of Educ.*, 238 F. Supp. 2d 469, 475 (N.D.N.Y. 2002).

In order to hold a municipality liable under *Monell*, a plaintiff must first "show that the challenged acts were performed pursuant to a municipal policy or custom." *Scaggs v. New York State Dep't of Educ.*, 2007 U.S. Dist. LEXIS 35860, 49, *quoting, Patterson v. County of Onieda*, 375 F.3d 206, 226 (2d Cir. 2004). Moreover, plaintiff must establish that the identified municipal policy, practice or custom was the "moving force [behind] the constitutional violation." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

Here, plaintiff has failed to allege (or even hint at) any policy, practice or custom of the School District which was the "moving force" behind the alleged violation of her constitutional rights. In fact, she does not even allege any policy of the School District, and instead states that the she was informed by Mr. Roelle "that tenure decisions are not made based on an individual's

-11-

personal life decisions as you erroneously believe." Compl. at ¶11. This again supports defendants'
position that plaintiff's termination was not in violation of her rights. Accordingly these claims
against the School District should be dismissed.[3]

---

[3]It is unclear from plaintiff's complaint whether she is bringing her claims against the Ossining
Board of Education as a whole or as against each member of the Board of Education. If the latter, it is
also unclear whether plaintiff is suing them in their individual or official capacities. To the extent that
she brings her claims against the Board as a whole, plaintiff's claims should be dismissed for the reasons
set forth in *Point III.* To the extent she is suing each member of the Board in their official capacities,
plaintiff's claims should be dismissed as duplicative of the alleged *Monell* claim. *Scaggs v. New York
State Dep't of Educ.,* 2007 U.S. Dist. LEXIS 35860 (dismissing §1983 claim against individual members
of the school's board of trustees as duplicative of the *Monell* claim). To the extent that plaintiff is suing
each member of the Board of Education in their individual capacity, plaintiffs' claims should be
dismissed for reasons set forth in *Point I, supra.*

## CONCLUSION

Based upon the foregoing, it is respectfully requested that the first and second causes of action for violations of plaintiff's First and Fourteenth Amendment Rights pursuant to 42 U.S.C. §1983 be dismissed with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: January 18, 2008
      Hawthorne, New York

TRAUB LIEBERMAN STRAUS &
SHREWSBERRY LLP

By: _____
    Beth J. Hoffman (BH-9183)
    Attorneys for Defendants
    *Robert J. Roelle, Raymond Sanchez, Zoila*
    *Tazi, the Board of Education of the Ossining*
    *Union Free School District and Ossining*
    *Union Free School District*
    Mid-Westchester Executive Park
    Seven Skyline Drive
    Hawthorne, New York 10532
    (914) 347-2600

To:    Jonathan Lovett, Esq.
       LOVETT & GOULD LLP
       222 Bloomingdale Road
       White Plains, New York   10605
       (914) 428-8401

-13-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANNE TERMINI,                                         **ECF CASE**

                              Plaintiff,              **Index No. 07-CV-10483
                                                      (CJB)**

              - against -

                                                      **DECLARATION OF
ROBERT J. ROELLE, individually, RAYMOND               SERVICE**
SANCHEZ, individually, ZOLIA TAZI, individually,
BOARD OF EDUCATION OF THE OSSINING UNION
FREE SCHOOL DISTRICT, and OSSINING UNION FREE
SCHOOL DISTRICT,

                              Defendants.
------------------------------------------------------------------------X

       I, Beth J. Hoffman, an attorney, declare that on the 18th day of January, 2008, caused to be

served the within **Memorandum of Law in Support of Defendants' Motion to Dismiss, Notice**

**of Motion, Declaration of Beth J. Hoffman, and Exhibit annexed thereto**, upon the attorney(s)

for the respective party(ies) in this action, at the address listed below, such address designated by

said attorney for that purpose via **Electronic Case Filing System** .

TO:    Jonathan Lovett, Esq.
       LOVETT & GOULD LLP
       222 Bloomingdale Road
       White Plains, New York   10605
       (914) 428-8401

                                              _____
                                                   Beth J. Hoffman