UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANNE TERMINI,

                Plaintiff,

-against-

ROBERT J. ROELLE, individually,
BOARD OF EDUCATION OF THE
OSSINING UNION FREE SCHOOL
DISTRICT, and OSSINING UNION
FREE SCHOOL DISTRICT,

                Defendants.

**Index No. 07-CV-10483 (CJB)**

**DECLARATION OF BETH J. HOFFMAN**

---

BETH J. HOFFMAN, being duly sworn, deposes and says:

1.     I am an attorney admitted to practice in the State of New York and before the United States District Court for the Southern District of New York. I am an associate with the law firm of Traub Lieberman Straus & Shrewsberry LLP, attorneys for defendants Robert J. Roelle, the Board of Education of the Ossining Union Free School District and Ossining Union Free School District in the above-captioned action. As such, I am familiar with the facts, pleadings and prior proceedings in the instant matter.

2.     I submit this declaration in support of the motion to dismiss by defendants Robert J. Roelle, the Board of Education of the Ossining Union Free School District and Ossining Union Free School District, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3.  A true and correct copy of the amended complaint dated January 31, 2008, filed in the instant action is annexed hereto as Exhibit "A".

Dated: February 15, 2008
      Hawthorne, New York

                                    TRAUB LIEBERMAN STRAUS &
                                    SHREWSBERRY LLP

By: _____
                                    Beth J. Hoffman (BH-9183)
                                    Attorneys for Defendants
                                    *Robert J. Roelle, the Board of Education of the*
                                    *Ossining Union Free School District and*
                                    *Ossining Union Free School District*
                                    Mid-Westchester Executive Park
                                    Seven Skyline Drive
                                    Hawthorne, New York 10532
                                    (914) 347-2600

To:    Jonathan Lovett, Esq.
         LOVETT & GOULD LLP
         222 Bloomingdale Road
         White Plains, New York  10605
         (914) 428-8401

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF WESTCHESTER        )

Christina Golino, being duly sworn, deposes and says:

That deponent is not a party to the within action and is over 18 years of age.

That on the 15th day of February 2008, deponent served the within **NOTICE OF MOTION AND DECLARATION OF BETH J. HOFFMAN** upon the attorney(s) for the respective party(ies) in this action, at the address listed below, such address designated by said attorney for that purpose via **Electronic Case Filing System**.

TO:   Jonathan Lovett, Esq.
      Lovett & Gould LLP
      222 Bloomingdale Road
      White Plains, New York 10605

                                                    _____
                                                    CHRISTINA GOLINO

Sworn to before me this
15th day of February, 2008

_____
Notary Public

CLAUDINE N. BONCI
Notary Public, State of New York
No. 01BO5015056
Qualified in Westchester County
Commission Expires July 12, 2011

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ANNE TERMINI,

        -against-

ROBERT J. ROELLE, individually,
BOARD OF EDUCATION OF THE
OSSINING UNION FREE SCHOOL
DISTRICT, and OSSINING UNION
FREE SCHOOL DISTRICT,

              Defendants.

-------------------------------------------------------x

07 Civ. 10483 (CLB)

**FIRST AMENDED COMPLAINT**

**Jury Trial Demanded**

    Plaintiff ANNE TERMINI, by her attorneys Lovett & Gould, LLP, for her first amended complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, proximately resulting from conduct engaged in by Defendants while acting under color of New York State law, for violations of Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

1

## THE PARTIES

3. Plaintiff ANNE TERMINI is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. Except as otherwise indicated *infra* at all times relevant to this complaint she was employed on a probationary basis by the Defendant District as a Bi-Lingual School Social Worker. With the exception of one calculatedly false job performance evaluation fabricated by Defendant Roelle in May of 2007 to pretextually justify the termination of Plaintiff's employment, her job performance evaluations over the years were consistently excellent.

4. Defendant ROBERT J. ROELLE (hereinafter "Roelle"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was the duly appointed Superintendent of Schools for the Defendant District.

5. Defendant BOARD OF EDUCATION OF THE OSSINING UNION FREE SCHOOL DISTRICT (hereinafter "Board") is the duly elected governing body of the Defendant OSSINING UNION FREE SCHOOL DISTRICT (hereinafter "District"), a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. The individual members of the Board, by reason of Plaintiff's First Amendment protected activity referenced *infra,* agreed with Roelle to terminate Plaintiff's employment in substantial respect by reason of her petitioning the District/Board for the redress of grievances, and engaging in First Amendment protected speech in that connection.

## THE FACTS

8. In early 2007 Plaintiff was advised by two union representatives that during discussions as to whether she should or should not be granted tenure the District's Administration had expressed concern that Plaintiff had privately engaged in First Amendment protected activity challenging the Board of Education. In fact Plaintiff, in her capacity as a parent residing in the District, along with other concerned citizens (who were not District employees) circulated and submitted to the Board a petition opposing as educationally unsound and academically contraindicated the District's elimination of two programs, the "Science Inquiry Program" and the "Advanced Math Program.

9. As a result of the union representatives' warning Plaintiff met with her school principal, Ann Dealy, who directly asked Plaintiff whether she had signed the referenced petition. In response Plaintiff truthfully acknowledged that she had done so.

10. Thereafter Plaintiff provided a copy of the subject petition to Ms. Dealy, who e-mailed Plaintiff: "That's the one".

11. At or about the same time the District's Director of ESL (English as a Second Language) and Bi-Lingual Education (Mirla Puello) questioned Plaintiff as to whether she had signed the at-issue petition. Plaintiff again acknowledged having done so.

12. Out of concern that her having petitioned government for the redress of grievances was being considered in connection with a proposal to deny her tenure, Plaintiff met with the District's then Assistant Superintendent for Elementary Education and Human Resources (Raymond Sanchez, hereinafter "Sanchez") and *inter alia* expressed to him her good faith belief that the District intended to deny her tenure

because of the petition. Sanchez, aware that Plaintiff's petitioning activities were going to result in denial of tenure for her, said nothing in response.

13. Out of the same concern referenced in the preceding paragraph "12", on April 4, 2007, Plaintiff sent a letter to the members of the Board expressing her good faith belief that the Administration intended to deny her tenure because she had engaged in First Amendment protected activity.

14. On April 25, 2007, Roelle responded to Plaintiff in writing, acknowledged that the Board had received her letter of April 4, 2007, and falsely asserted "that tenure decisions are not made based on an individual's personal life decisions as you erroneously believe".

15. Two weeks thereafter and at Roelle's direction, Sanchez in a writing advised Plaintiff that effective "immediately" she was "reassigned to [her] home for the remainder of the 2006-2007 school year [and that d]uring this period of time [she was] not to enter any of the school buildings, or contact any student, any parent, or any staff member" (hereinafter the "gag order").

16. Within a matter of days Roelle set forth in a letter to Plaintiff six calculatedly false and pretextual reasons to deny her tenure - - reasons completely inconsistent with Plaintiff's excellent job performance evaluations over the years of her employment by the District - - in a clumsy effort to mask the Defendants' actual unlawful motivation to terminate Plaintiff.

17. Shortly thereafter on Roelle's recommendation and effective July 14, 2007, the Board terminated Plaintiff, adverse employment action that was motivated in whole

and/or substantial respect by reason of Plaintiff's having signed, circulated and filed with the Board of Education the petition.

18. As a proximate result of Defendants' conduct Plaintiff has been caused to suffer: substantial out-of-pocket losses and the loss of related employment benefits; emotional upset; anxiety; public humiliation; public embarrassment; shame; public ridicule; violations of her right to free speech and to petition government; a chilling, by reason of the gag order and her termination of employment, of her prospective exercise of her rights of free speech and to petition government; and she has otherwise been rendered sick and sore.

## AS AND FOR A CLAIM

19. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "18', inclusive.

20. Under the premises Defendants' conduct violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

    a. Awarding as against Roelle such punitive damages as the jury may impose,

    b. Awarding as against all Defendants such compensatory damages as the jury may determine,

    c. Awarding as against all Defendants reasonable attorney's fees and costs, and,

    d.  Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       January 31, 2008

                                    LOVETT & GOULD, LLP
                                    By:_____
                                    Jonathan Lovett (4854)
                                    Attorneys for Plaintiff
                                    222 Bloomingdale Road
                                    White Plains, N.Y. 10605
                                    914-428-8401