UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANNE TERMINI,

                    Plaintiff,                    **Index No. 07-CV-10483**
                                                  **(CJB)**

        -against-

ROBERT J. ROELLE, individually,
BOARD OF EDUCATION OF THE
OSSINING UNION FREE SCHOOL
DISTRICT, and OSSINING UNION
FREE SCHOOL DISTRICT,

                    Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS THE AMENDED COMPLAINT BY DEFENDANTS
OSSINING UNION FREE SCHOOL DISTRICT AND BOARD OF
EDUCATION OF THE OSSINING UNION FREE SCHOOL DISTRICT**

Of Counsel:                 TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP
Lisa L. Shrewsberry         Attorneys for Defendants
Beth J. Hoffman             Mid-Westchester Executive Park
                            Seven Skyline Drive
                            Hawthorne, New York 10532
                            (914) 347-2600

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of the motion to dismiss plaintiff's amended complaint, alleging violations of her First Amendment rights pursuant to 42 U.S.C. §1983, by defendants Ossining Union Free School District (the "School District") and Board of Education of the Ossining Union Free School District ("the Board of Education") (collectively the "School District defendants"). The School District defendants move to dismiss these claims because plaintiff has failed to allege facts sufficient to sustain a claim pursuant to 42 U.S.C. §1983 as against a municipal defendant.

Plaintiff Anne Termini originally commenced this action on November 20, 2007, by filing a summons and complaint against the School District, the Board of Education, Superintendent Robert J. Roelle, Raymond Sanchez and Zoila Tazi pursuant to 42 U.S.C § 1983 for alleged violations of her First and Fourteenth Amendment rights and for alleged violation of her rights as guaranteed by 42 U.S.C. §1981. These claims arose out of the termination of her employment as a social worker with the School District for allegedly racially motivated reasons and because she had engaged in constitutionally protected speech. Defendants moved to the dismiss plaintiff's claims pursuant to 42 U.S.C. §1983 as against all defendants because plaintiff failed to allege facts sufficient to sustain such claims. Additionally, defendants moved to dismiss these claims against Ms. Tazi because plaintiff failed to alleged any personal involvement by her as required under §1983 and as against the School District defendants because plaintiff failed to allege any policy, practice or custom of the School District that caused the alleged constitutional violations.[1]

---

[1] In their original motion, defendants did not move to dismiss plaintiff's third cause of action for alleged violation of rights as guaranteed by 42 U.S.C. §1981, in recognition of the standards applicable to a motion to dismiss.

In concession to our motion, and in lieu of any opposition thereto, plaintiff withdrew her complaint and filed an amended complaint in this action on February 1, 2008. In her amended complaint, plaintiff withdrew her claim pursuant to 42 U.S.C. §1983 for denial of her equal protection rights as guaranteed by the Fourteenth Amendment and her claim for discriminatory termination pursuant to 42 U.S.C. §1981. In declining to pursue these claims, plaintiff withdrew all assertions that the basis for her termination was the relocation of her family from a "substantially Hispanic crime-ridden neighborhood to a substantially Caucasian crime-free neighborhood," as she had previously alleged in her original complaint. In addition, plaintiff abandoned her claims against Zolia Tazi and Raymond Sanchez as defendants in this action.

In her amended complaint, plaintiff pursues her claim for the alleged violation of her First Amendment rights pursuant to 42 U.S.C. §1983 against the School District, the Board of Education and Superintendent Robert J. Roelle. At this time, the School District defendants move to dismiss the complaint as against them because plaintiff has again failed to allege any policy, practice or custom of the School District that caused the alleged constitutional violations.[2]

## STATEMENT OF FACTS

Plaintiff, a Caucasian citizen of the United States, was employed by the School District as a bi-lingual social worker. Am. Compl. ¶3 (a copy of which has been annexed to the Declaration of Beth J. Hoffman dated February 15, 2008 ("Hoffman Decl.") as Exhibit "A"). Robert J. Roelle

---

[2]Defendants are not currently moving to dismiss the amended complaint as to Superintendent Robert J. Roelle, in recognition of the standards applicable to a motion to dismiss. The defendants, however, strongly deny all allegations and claims brought pursuant to 42 U.S.C. §1983 as against Superintendent Roelle and reserve the right to seek disposition of this claim in the future.

was the Superintendent of Schools for the Ossining School District. Am. Compl. ¶4. Plaintiff alleges that in early 2007, she was advised by two unnamed union representatives that School District representatives had expressed concern that plaintiff had allegedly engaged in constitutionally protected speech. Am. Compl. ¶8. Plaintiff alleges that as parent, along with other concerned citizens, she circulated and signed a petition which opposed the elimination of certain educational programs. Am. Compl. ¶8. Plaintiff alleges that after this conversation she met with her school principal, Anne Dealey, who inquired as to whether she has signed a petition, to which plaintiff acknowledged that she did. Am. Compl. ¶9. Plaintiff later confirmed via e-mail with Ms. Dealey the precise petition that she had signed. Am. Compl. ¶10. At or about the same time, plaintiff alleges that she also spoke with the School District's Director of ESL and Bi-Lingual Education about the matter. Am. Compl. ¶11. Plaintiff then alleges, that "out of concern" that she might be denied tenure because she signed the petition, plaintiff met with Raymond Sanchez, the School District's Assistant Superintendent for Elementary Education and Human Resources, however Mr. Sanchez had no response. Am. Compl. ¶12.

Plaintiff alleges that on April 4, 2007, she sent a letter to members of the Board of Education expressing this concern. Am. Compl. ¶13. Plaintiff then alleges that on April 25, 2007, Superintendent Roelle responded in writing to plaintiff, acknowledging that the Board of Education had received her letter and stated " that tenure decisions are not made based on an individual's personal life decisions as you erroneously believe." Am. Compl. ¶14. Plaintiff alleges that two weeks later, she was advised in writing by Mr. Sanchez, that she was immediately "reassigned to [her] home for the remainder of the 2006-2007 school year [and that d]uring this period of time [she was] not to enter any of the school buildings, or contact any student, any parent, or any staff

member." Am. Compl. ¶15. Plaintiff alleges that soon after she received a letter from Superintendent Roelle which listed six "pretextual" reasons for the denial of her tenure. Am. Compl. ¶16. Plaintiff alleges that these reasons were false and inconsistent with her job performance. Am. Compl. ¶16. Plaintiff alleges that shortly thereafter, and on Superintendent Roelle's recommendation, the Board of Education terminated her employment with the School District. Am. Compl. ¶17. Plaintiff alleges that this termination was an adverse employment action motivated by her signing, circulating and filing said petition. Am. Compl. ¶17.

## POINT I

## PLAINTIFF HAS FAILED TO ALLEGE A
## CLAIM PURSUANT TO 42 U.S.C. §1983 AGAINST
## THE OSSINING SCHOOL DISTRICT DEFENDANTS

It is well settled that "in order to prevail on a §1983 claim, it is necessary for the plaintiff to show that [he] was deprived of rights, privileges or immunities secured by the Constitution or laws of the United States by a person acting under the color of state law." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993); *Johnson v. Washington Mutual Bank,* 2006 U.S. Dist. LEXIS 26729 (E.D.N.Y. 2006). In order to hold a municipality liable as a "person" within meaning of §1983, the plaintiff must establish that the municipality is somehow at fault. *Oklahoma v. Tuttle,* 47 U.S. 808, 810, 105 S. Ct. 2427, 85 L. Ed. 791(1985); *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Thus "a municipality cannot be held liable under §1983 on a respondeat superior theory," and instead must be found to have, itself, committed the wrong. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). "For purposes of §1983, school districts are considered to be local governments and are subject to similar liability as local governments under Monell." *Scaggs v. New York State Dep't of Educ.,* 2007 U.S. Dist. LEXIS 35860, 49-50 *quoting Booker v. Bd. of Educ.,* 238 F. Supp. 2d 469, 475 (N.D.N.Y. 2002).

In order to hold a municipality liable under *Monell,* a plaintiff must first "show that the challenged acts were performed pursuant to a municipal policy or custom." *Scaggs v. New York State Dep't of Educ.,* 2007 U.S. Dist. LEXIS 35860, 49, *quoting, Patterson v. County of Onieda,* 375 F.3d 206, 226 (2d Cir. 2004). Moreover, a plaintiff must establish that the identified municipal policy, practice or custom was the "moving force [behind] the constitutional violation." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

In plaintiff's amended complaint she again fails to allege (or even hint at) any policy, practice or custom of the School District defendants that was the "moving force" behind the alleged violation of her constitutional rights. In fact, she does not allege **any** policy of the School District defendants, and instead states that the she was informed by Superintendent Roelle "that tenure decisions are not made based on an individual's personal life decisions as you erroneously believe." Am. Compl. ¶14. Thus, this supports defendants' position that plaintiff's termination was not pursuant to any policy of the School District defendants.[3]

Accordingly, the amended complaint should be dismissed in its entirety, as to the School District defendants.

---

[3]It is unclear from plaintiff's complaint whether she is bringing her claims against the Board of Education as a whole or as against each member of the Board of Education. To the extent that she brings her claims against the Board as a whole, plaintiff's claims should be dismissed for the reasons set forth herein. To the extent she is suing each member of the Board of the Education, plaintiff's claims should be dismissed as duplicative of the alleged *Monell* claim. *Scaggs v. New York State Dep't of Educ.,* 2007 U.S. Dist. LEXIS 35860 (dismissing §1983 claim against individual members of the school's board of trustees as duplicative of the *Monell* claim).

## CONCLUSION

Based upon the foregoing, it is respectfully requested that the amended complaint be dismissed as to the Ossining Union Free School District and the Ossining Union Free School District Board of Education, with prejudice, and together with such other and further relief as the Court deems just and proper.

Dated: February 15, 2008
       Hawthorne, New York

TRAUB LIEBERMAN STRAUS &
SHREWSBERRY LLP

By:

Lisa L. Shrewsberry (LS-1597)
Beth J. Hoffman (BH-9183)
Attorneys for Defendants
*Robert J. Roelle, the Board of Education of the*
*Ossining Union Free School District and*
*Ossining Union Free School District*
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532
(914) 347-2600

To:    Jonathan Lovett, Esq.
       LOVETT & GOULD LLP
       222 Bloomingdale Road
       White Plains, New York   10605
       (914) 428-8401

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK                     )
                                      ) ss.:
COUNTY OF WESTCHESTER                 )

      Christina Golino, being duly sworn, deposes and says:

      That deponent is not a party to the within action and is over 18 years of age.

      That on the 15th day of February 2008, deponent served the within **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT BY DEFENDANTS OSSINING UNION FREE SCHOOL DISTRICT AND BOARD OF EDUCATION OF THE OSSINING UNION FREE SCHOOL DISTRICT** upon the attorney(s) for the respective party(ies) in this action, at the address listed below, such address designated by said attorney for that purpose via **Electronic Case Filing System** .

TO:    Jonathan Lovett, Esq.
        Lovett & Gould LLP
        222 Bloomingdale Road
        White Plains, New York 10605

                                            CHRISTINA GOLINO

Sworn to before me this
15th day of February, 2008

Notary Public

CLAUDINE N. BONCI
Notary Public, State of New York
No. 01BO5015056
Qualified in Westchester County
Commission Expires July 12, 2011