UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

ANNE TERMINI,

    -against-

ROBERT J. ROELLE, individually,
BOARD OF EDUCATION OF THE
OSSINING UNION FREE SCHOOL
DISTRICT, and OSSINING UNION
FREE SCHOOL DISTRICT,

                  Defendants.

07 Civ. 10483 (CLB)

------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO 12(b)(6) MOTION TO DISMISS AMENDED COMPLAINT

### Preliminary Statement

This memorandum of law is submitted in opposition to Defendants' motion to dismiss, as against the Defendant Board of Education and the School District, the first amended complaint.

### THE PRESENTLY INCONTROVERTIBLE FACTS AS ALLEGED IN THE AMENDED COMPLAINT

In early 2007 Plaintiff, a probationary Bi-Lingual School Social Worker employed by the Defendant District, was advised by two union representatives that during discussions as to whether she should or should not be granted tenure the District's Administration had expressed concern that Plaintiff had privately engaged in First

1

Amendment protected activity challenging the Board of Education. In fact Plaintiff, in her capacity as a parent residing in the District, along with other concerned citizens (who were not District employees) circulated and submitted to the Board a petition opposing as educationally unsound and academically contraindicated the District's elimination of two programs, the "Science Inquiry Program" and the "Advanced Math Program (Amended Complaint, para. 8).

As a result of the union representatives' warning Plaintiff met with her school principal, Ann Dealy, who directly asked Plaintiff whether she had signed the referenced petition. In response Plaintiff truthfully acknowledged that she had done so. *Id.* at 9.

Thereafter Plaintiff provided a copy of the subject petition to Ms. Dealy, who e-mailed Plaintiff: "That's the one". *Id.* at 10.

At or about the same time the District's Director of ESL (English as a Second Language) and Bi-Lingual Education (Mirla Puello) questioned Plaintiff as to whether she had signed the at-issue petition. Plaintiff again acknowledged having done so. *Id.* at 11.

Out of concern that her having petitioned government for the redress of grievances was being considered in connection with a proposal to deny her tenure, Plaintiff met with the District's then Assistant Superintendent for Elementary Education and Human Resources (Raymond Sanchez, hereinafter "Sanchez") and *inter alia* expressed to him her good faith belief that the District intended to deny her tenure because of the petition. Sanchez, aware that Plaintiff's petitioning activities were going to result in denial of tenure for her, said nothing in response. *Id.* at 12.

2

Out of the same concern referenced in the preceding paragraph "12", on April 4, 2007, Plaintiff sent a letter to the members of the Board expressing her good faith belief that the Administration intended to deny her tenure because she had engaged in First Amendment protected activity. *Id.* at 13.

On April 25, 2007, Roelle responded to Plaintiff in writing, acknowledged that the Board had received her letter of April 4, 2007, and falsely asserted "that tenure decisions are not made based on an individual's personal life decisions as you erroneously believe". *Id.* at 14.

Two weeks thereafter and at Roelle's direction, Sanchez in a writing advised Plaintiff that effective "immediately" she was "reassigned to [her] home for the remainder of the 2006-2007 school year [and that d]uring this period of time [she was] not to enter any of the school buildings, or contact any student, any parent, or any staff member" (hereinafter the "gag order"). *Id.* at 15.

Within a matter of days Roelle set forth in a letter to Plaintiff six calculatedly false and pretextual reasons to deny her tenure - - reasons completely inconsistent with Plaintiff's excellent job performance evaluations over the years of her employment by the District - - in a clumsy effort to mask the Defendants' actual unlawful motivation to terminate Plaintiff. *Id.* at 16.

Shortly thereafter on Roelle's recommendation and effective July 14, 2007, the Board terminated Plaintiff, adverse employment action that was motivated in whole and/or substantial respect by reason of Plaintiff's having signed, circulated and filed with the Board of Education the petition. *Id.* at 17.

As a proximate result of Defendants' conduct Plaintiff has been caused to suffer: substantial out-of-pocket losses and the loss of related employment benefits; emotional upset; anxiety; public humiliation; public embarrassment; shame; public ridicule; violations of her right to free speech and to petition government; a chilling, by reason of the gag order and her termination of employment, of her prospective exercise of her rights of free speech and to petition government; and she has otherwise been rendered sick and sore. *Id.* at 18.

## PLAINTIFF'S CLAIM

Against this presently indisputable factual background Plaintiff alleges that Defendants' conduct violated her rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## POINT I

## A MUNICIPAL CORPORATE POLICY IS SUFFICIENTLY PLED

Defendants move to dismiss the amended complaint, to the extent of Defendants Board of Education and the School District, on the premise that for purposes of Monell v. Department of Social Services, 436 U.S. 658 (1978) Plaintiff "does not allege **any** policy of the School District defendants" (Memorandum at p. 7, emphasis in original). We disagree.

It is well-settled that a policy for purposes of Monell can be established by the single act of policy makers with final discretionary decision-making authority. Pembaur v. City of Cincinnati, 475 U.S. 469, 480-1 (1986); Beck v. Hastings on Hudson Union

4

Free School District, 365 F.3d 107, 128 (2d Cir. 2004); Rookard v. Health & Hospitals Corporation, 710 F.2d 41, 45 (2d Cir. 1983). Since that is precisely what is alleged in the amended complaint [Amended Complaint, paras. "5" ("The individual members of the Board, by reason of Plaintiff's First Amendment protected activity referenced *infra*, agreed with Roelle to terminate Plaintiff's employment in substantial respect by reason of her petitioning the District/Board for the redress of greievances, and engaging in First Amendment protected speech in that connection."), and "17" ("the Board terminated Plaintiff, adverse employment action that was motivated in whole and/or substantial respect by reason of Plaintiff's having signed, circulated and filed with the Board of Education the petition.")], there is no requirement that Plaintiff identify an additional and/or separate policy in order to make out a legally sufficient claim.

## CONCLUSION

The motion to dismiss should, in all respects, be denied.

Dated: White Plains, N.Y.
      February 25, 2008

LOVETT & GOULD, LLP
By: _____
Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401