UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ANNE TERMINI,

                    Plaintiff,                    **Index No. 07-CV-10483
(CJB)**

    -against-

ROBERT J. ROELLE, individually,
BOARD OF EDUCATION OF THE
OSSINING UNION FREE SCHOOL
DISTRICT, and OSSINING UNION
FREE SCHOOL DISTRICT,

                    Defendants.
_____


**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS THE AMENDED COMPLAINT BY DEFENDANTS
OSSINING UNION FREE SCHOOL DISTRICT AND BOARD OF
EDUCATION OF THE OSSINING UNION FREE SCHOOL DISTRICT**


Of Counsel:
Lisa L. Shrewsberry
Beth J. Hoffman

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP
Attorneys for Defendants
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532
(914) 347-2600

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** . . . . . . . . . . 1

**POINT I**

PLAINTIFF HAS FAILED TO ALLEGE A
CLAIM PURSUANT TO 42 U.S.C. §1983 AGAINST
THE OSSINING SCHOOL DISTRICT DEFENDANTS . . . . . . . . . . 2

**CONCLUSION** . . . . . . . . . . 6

# TABLE OF AUTHORITIES

Cases:

*Back v. Hastings On Hudson Union Free School District,*
365 F. 3 107, 128 (2d Cir. 2004) .................................................. 2, 3, 4, 5

*Bowen v. Watkins,*
669 F.2d 979, 989(5th Cir. 1982) ..................................................... 3

*Gant ex rel. Gant v. Wallingford Bd. Of Educ.,*
195 F.3d 134, 141 (2d Cir. 1999) ..................................................... 5

*Monell v. Dep't of Soc. Servs.,*
436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) .................. 2, 3, 5

*Oklahoma v. Tuttle,*
47 U.S. 808, 810, 105 S. Ct. 2427, 85 L. Ed. 791(1985) ........................... 2

*Pembaur v. City of Cincinnati,*
475 U.S.469, 480-1(1986) ............................................................. 2

*Rookard v. Heath & Hospitals Corporation,*
710 F.2d 41, 45 (2d Cir. 1983) ..................................................... 2, 3, 5

*Scaggs v. New York State Dep't of Educ.,*
2007 U.S. Dist. LEXIS 35860, 49-50 .............................................. 2, 3

## PRELIMINARY STATEMENT

This reply memorandum of law is submitted in further support of the motion to dismiss plaintiff's amended complaint, alleging violations of her First Amendment rights pursuant to 42 U.S.C. §1983, by defendants Ossining Union Free School District (the "School District") and Board of Education of the Ossining Union Free School District ("the Board of Education" or "Board") (collectively the "School District defendants"). The School District defendants move to dismiss these claims because plaintiff has failed to allege facts sufficient to sustain a claim pursuant to 42 U.S.C. §1983 as against a municipal defendant.

For reasons of brevity, the underlying facts have not been repeated herein and the School District defendants respectfully refer the Court to the Statement of Facts set forth in their opening memorandum of law.

## POINT I

### PLAINTIFF HAS FAILED TO ALLEGE A CLAIM PURSUANT TO 42 U.S.C. §1983 AGAINST THE OSSINING SCHOOL DISTRICT DEFENDANTS

In her opposition, plaintiff argues that a "single act of policy makers with final discretionary authority" is sufficient to allege a "policy" under *Monell*. *See* Plaintiff's Memorandum of Law in Opposition to 12(b)(6) Motion to Dismiss Amended Complaint ("Opp. Memorandum of Law") at p.4, *citing*, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-1(1986); *Back v. Hastings on Hudson Union Free School District*, 365 F. 3d 107, 128 (2d Cir. 2004); *Rookard v. Heath & Hospitals Corporation*, 710 F.2d 41, 45 (2d Cir. 1983). Thus, plaintiff argues that because she has alleged that her termination by the Board of Education was in violation of her first amendment rights she is not required to plead "an additional and/or separate policy in order to make out a legally sufficient claim." Opp. Memorandum of Law, p. 5. The School District defendants do not dispute the legal premise that a singular unlawful discharge may give rise to a claim pursuant to 42 U.S.C. §1983 under certain circumstances. *Back v. Hastings on Hudson Union Free School District*, 365 F.3d 107, 128 (2d Cir. 2004). However, plaintiff herein has not sufficiently alleged any conduct by the members of the Board of Education, either individually or as a whole, which give rise to a claim against the School District defendants pursuant to *Monell*. Thus, her claim should be dismissed.

In order to hold a municipality, or as in this case the School District, liable as a "person" within meaning of §1983, the plaintiff must establish that the municipality is somehow at fault. *Oklahoma v. Tuttle*, 47 U.S. 808, 810, 105 S. Ct. 2427, 85 L. Ed. 791(1985); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *Scaggs v. New York State Dep't*

2

*of Educ.*, 2007 U.S. Dist. LEXIS 35860, 49-50. As set forth previously, a municipality cannot be held liable under a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Rather, the plaintiff must establish that the identified municipal policy, practice or custom was the "moving force [behind] the constitutional violation." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). "Where an official has final authority over significant matters involving the exercise of discretion, the choice he makes represents government policy." *Rookard v. Health and Hospitals Corp.*, 710 F.2d 41, 45 (2d Cir. 1983) *citing Bowen v. Watkins*, 669 F.2d 979, 989(5th Cir. 1982).

In the instant case, it is not in dispute that the Board of Education was the final policymaker with regard to plaintiff's termination. However, as in *Back v. Hastings on Hudson Union Free School District*, 365 F.3d 107, 128 (2d Cir. 2004), a case oddly relied on by plaintiff in support of her position, plaintiff herein makes no allegation that any member of the Board of Education made any affirmative statement or took any specific action that would indicate that plaintiff's dismissal was based upon the exercise of her First Amendment rights. *See Back v. Hastings on Hudson Union Free School District*, 365 F.3d 107, 128 (2d Cir. 2004)(affirming dismissal of §1983 claim against school district because plaintiff failed to allege any issue of material fact which would have allowed "a reasonable jury to hold School District liable"). Nor does plaintiff allege that any member of the Board of Education took any action or made any statement that would indicate that the Board "directly approved of the views allegedly held" by others within the School District. *See Id.* In fact, the only allegation made by plaintiff in the complaint, which would indicate that anyone within the School District had done anything that might imply that plaintiff's termination was based upon the exercise of her First Amendment rights, is an allegation that two **unnamed** union representatives had

3

told plaintiff that other **unnamed** members of the School District administration "had expressed concern that Plaintiff had privately engaged in First Amendment protected activity challenging the Board of Education." Comp. ¶8. Leaving aside that these **unnamed** individuals could have ranked anywhere in the School District administration from secretary to principal, the information relayed to plaintiff could have been nothing more than simple schoolhouse gossip or innuendo. Nothing in plaintiff's complaint establishes the reliability of this information or indicates that the Board's members were the ones who expressed this alleged "concern."

Moreover, plaintiff's allegations that she discussed the petition and/or expressed her beliefs about her alleged improper treatment with the school's Principal and Assistant Superintendent or that she sent a letter to the Board informing them of such beliefs is equally unpersuasive. Compl. ¶¶9-13. Plaintiff makes no allegation that the Board, in fact, used this information as basis for her dismissal, other than her own speculation and self-serving allegations. Rather, plaintiff's own factual assertions belie her position. Specifically, plaintiff alleges that in Superintendent Roelle's letter he stated "that tenure decisions are not made based on an individual's personal life decisions as you erroneously believe." Compl. ¶14.

Finally, as the Second Circuit held in *Back*, in so far as plaintiff makes no allegation of any actual conduct by the Board or its members that violated the plaintiff's rights, other than her own self-serving statements, plaintiff must allege that the Board of Education was deliberately indifferent to the allegations of discriminatory conduct. *Back v. Hastins on Hudson Union Free School District*, 365 F.3d 107, 128 (2d Cir. 2004). As the Court held in *Back*, in order to establish that a School District's actions were deliberately indifferent plaintiff must establish "that the Board of Education's response to the alleged discrimination was 'clearly unreasonable in light of the known

circumstances.'" *Back v. Hastings on Hudson Union Free School District*, 365 F.3d 107, 128-129 (2d Cir. 2004), *quoting, Gant ex rel. Gant v. Wallingford Bd. of Educ.*, 195 F. 3d 134, 141 (2d Cir. 1999). In the instant case, plaintiff does not allege or even argue that the basis for the Board's liability is their "deliberate indifference" to others' alleged improper actions. However, to the extent that plaintiff's complaint or opposition could be construed as such, plaintiff does not allege that the School District defendants actions were "clearly unreasonable." Rather, plaintiff alleges that she was provided with six performance based reasons for her dismissal. Compl. ¶16. Simply because plaintiff characterizes these reasons as pre-textual, without evidence as such, does not make it so.

In addition, plaintiff's reliance on *Rookard v. Health Hospitals Corp.*, 710 F. 2d 41(2d Cir. 1983), is equally mislaid. Although *Rookard* involved issues of whether an employee was terminated in retaliation for the exercise of her First Amendment rights; whether the municipal corporation who employed her could be held liable pursuant to *Monell* for such an alleged wrongful termination when no such official policy existed; and, therefore, whether, that single instance of alleged wrongful termination could result in liability to the municipality, the central issue before the *Rookard* Court, regarding the existence of a policy, was whether the persons who had allegedly based their decision to terminate plaintiff on the exercise of her right to free speech were found to have had "final authority" and, thus, created a municipal policy with their actions. *Rookard v. Health Hospitals Corp.*, 710 F. 2d 41, 45-46(2d Cir. 1983). Here, it is not in dispute that the Board of Education had final authority to make policy for the School District or that it was the entity which terminated plaintiff's employment. Rather, the School District defendants argue, as set forth more fully above, that plaintiff sets forth no allegations, other than unsubstantiated rumor and self-serving conclusions, that the exercise of plaintiff's First Amendment rights was the basis for her dismissal.

5

Accordingly, the amended complaint should be dismissed in its entirety, as to the School District defendants.

## CONCLUSION

Based upon the foregoing, it is respectfully requested that the amended complaint be dismissed as to the Ossining Union Free School District and the Ossining Union Free School District Board of Education, with prejudice, and together with such other and further relief as the Court deems just and proper.

Dated: March 21, 2008
   Hawthorne, New York

                            TRAUB LIEBERMAN STRAUS &
                            SHREWSBERRY LLP

By: _[signature]_
     Lisa L. Shrewsberry (LS-1597)
     Beth J. Hoffman (BH-9183)
     Attorneys for Defendants
     *Robert J. Roelle, the Board of Education of the Ossining Union Free School District and Ossining Union Free School District*
     Mid-Westchester Executive Park
     Seven Skyline Drive
     Hawthorne, New York 10532
     (914) 347-2600

To:    Jonathan Lovett, Esq.
       LOVETT & GOULD LLP
       222 Bloomingdale Road
       White Plains, New York  10605
       (914) 428-8401

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF WESTCHESTER        )

ELAINE M. CONWELL, being duly sworn, deposes and says:

That deponent is not a party to the within action and is over 18 years of age.

That on the 21st day of March 2008, deponent served the within **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT BY DEFENDANTS OSSINING UNION FREE SCHOOL DISTRICT AND BOARD OF EDUCATION OF THE OSSINING UNION FREE SCHOOL DISTRICT** upon the attorney(s) for the respective party(ies) in this action, at the address listed below, such address designated by said attorney for that purpose via **Electronic Case Filing System** .

TO:   Jonathan Lovett, Esq.
      Lovett & Gould LLP
      222 Bloomingdale Road
      White Plains, New York 10605

_____
ELAINE M. CONWELL

Sworn to before me this
21st day of March, 2008

_____
Notary Public

JERRI A. DECAMP, ESQ.
Notary Public, State of New York
No. 02DE6098089
Qualified in Westchester County
Commission Expires September 2, 2011