UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANNE TERMINI,

       Plaintiff,

-against-

ROBERT J. ROELLE, individually,
BOARD OF EDUCATION OF THE
OSSINING UNION FREE SCHOOL
DISTRICT, and OSSINING UNION
FREE SCHOOL DISTRICT,

       Defendants.

Index No. 07-CV-10483
(CLB)

**ANSWER TO FIRST
AMENDED COMPLAINT**

---

    Defendants Robert J. Roelle, the Board of Education of the Ossining Union Free School District (the "Board of Education") and the Ossining Union Free School District (the "School District") (collectively referred to herein as "Defendants"), by their attorneys, Traub Lieberman Straus & Shrewsberry LLP, for their Answer to the First Amended Complaint herein, allege the following:

### NATURE OF THE ACTION

    1.  Deny the allegations set forth in paragraph "1" of the First Amended Complaint, except admit that plaintiff purports to bring this action as alleged therein.

### JURISDICTION

    2.  Deny the allegations set forth in paragraph "2" of the First Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as alleged therein.

### THE PARTIES

    3.  Deny the allegations set forth in paragraph "3" of the First Amended Complaint, except admit that plaintiff is a citizen of the United States and a domiciliary of the State of New

York and resident of the Northern Counties, and admit that plaintiff was employed by the School District as a probationary Bi-Lingual School Social Worker.

4. Admit the allegations set forth in paragraph "4" of the First Amended Complaint.

5. Deny the allegations set forth in paragraph "5" of the First Amended Complaint, except admit that the Board of Education is the duly elected governing body of the School District, which is a municipal corporation and subdivision of the State of New York existing by reason of and pursuant to the laws of said State.

## THE FACTS

8. Deny the allegations set forth in paragraph "8" of the First Amended Complaint.[1]

9. Deny the allegations set forth in paragraph "9" of the First Amended Complaint, except admit that at some point plaintiff met with school Principal Anne Dealy where it was discussed whether plaintiff had signed a petition.

10. Deny knowledge and information sufficient to form a belief as the truth of the allegations set forth in paragraph "10" of the First Amended Complaint.

11. Deny knowledge and information sufficient to form a belief as the truth of the allegations set forth in paragraph "11" of the First Amended Complaint.

12. Deny the allegations set forth in paragraph "12" of the First Amended Complaint, except admit that at some point plaintiff met with Raymond Sanchez and the status of her tenure was discussed during that meeting.

---

[1] Plaintiff has deleted paragraphs "6" and "7" from the First Amended Complaint. Thus, defendants have numbered the paragraphs in to plaintiff, and refer to such letter for the contents thereof. their Answer to the First Amended Complaint to track those in the First Amended Complaint.

13. Deny knowledge and information sufficient to form a belief as the truth of the allegations set forth in paragraph "13" of the First Amended Complaint, except admit that the Board of Education received a letter from plaintiff on or about April 4, 2007.

14. Deny the allegations set forth in paragraph "14" of the First Amended Complaint, except admit that Superintendent Robert J. Roelle sent a letter dated April 25, 2007, to plaintiff, and refer to such letter for the contents thereof.

15. Deny the allegations set forth in paragraph "15" of the First Amended Complaint, except admit that Raymond Sanchez sent a letter dated May 11, 2007, to plaintiff, and refer to such letter for the contents thereof.

16. Deny the allegations set forth in paragraph "16" of the First Amended Complaint, except admit that Superintendent Robert J. Roelle sent a letter dated May 21, 2007, to plaintiff, and refer to such letter for the contents thereof.

17. Deny the allegations set forth in paragraph "17" of the First Amended Complaint, except admit that plaintiff's probationary employment with the School District was terminated.

18. Deny the allegations set forth in paragraph "18" of the First Amended Complaint.

## AS AND FOR A CLAIM

19. Repeat, reiterate and reallege each and every denial, and denial of knowledge or information set forth in response to paragraphs "1" through "18" of the First Amended Complaint as though fully set forth herein at length.

20. Deny the allegations set forth in paragraph "20" of the First Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

21. Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

22.At all times relevant hereto, defendants acted in good faith, without malice, and did not act in a wrongful manner.

## THIRD AFFIRMATIVE DEFENSE

23.Any amount of damages otherwise recoverable by plaintiff shall be diminished in total, or in proportion to, which the culpable conduct of the plaintiff or third-parties over whom the answering defendants had no control bears to the total conduct causing the damages alleged in the First Amended Complaint.

## FOURTH AFFIRMATIVE DEFENSE

24.At all times relevant hereto, defendants did not act in a negligent, reckless, or careless manner or in violation of any statute or applicable law.

## FIFTH AFFIRMATIVE DEFENSE

25.Plaintiff has failed to establish municipal liability under 42 U.S.C. § 1983.

## SIXTH AFFIRMATIVE DEFENSE

26.Defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States, the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights, nor violated any clearly established constitutional or statutory rights of which a reasonable person would have known.

## SEVENTH AFFIRMATIVE DEFENSE

27.At all times relevant to the acts alleged in the First Amended Complaint, defendants, their agents, and officials acted reasonably, properly, lawfully and in good faith in the exercise of their discretion.

### NINTH AFFIRMATIVE DEFENSE

28.     Defendants reserve the right to assert any additional affirmative defenses as warranted based on the results of further investigation and discovery in this matter.

### JURY DEMAND

29.     Defendants request a jury for all claims so triable.

Dated: April 7, 2008
       Hawthorne, New York

                              TRAUB LIEBERMAN STRAUS &
                              SHREWSBERRY LLP

By:           *[signature]*

                    Beth J. Hoffman (BH-9183)
                    Attorneys for Defendants
                    *Robert J. Roelle, the Board of Education of the*
                    *Ossining Union Free School District and*
                    *Ossining Union Free School District*
                    Mid-Westchester Executive Park
                    Seven Skyline Drive
                    Hawthorne, New York 10532
                    (914) 347-2600


To:    Jonathan Lovett, Esq.
        LOVETT & GOULD LLP
        222 Bloomingdale Road
        White Plains, New York 10605
        (914) 428-8401

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF WESTCHESTER    )

ELAINE M. CONWELL, being duly sworn, deposes and says:

That deponent is not a party to the within action and is over 18 years of age.

That on the 7th day of April 2008, deponent served the within **ANSWER TO FIRST AMENDED COMPLAINT** upon the attorney(s) for the respective party(ies) in this action, at the address listed below, such address designated by said attorney for that purpose via **Electronic Case Filing System** .

TO:   Jonathan Lovett, Esq.
      Lovett & Gould LLP
      222 Bloomingdale Road
      White Plains, New York 10605

_____
ELAINE M. CONWELL

Sworn to before me this
7th day of April, 2008

_____
Notary Public

TIMOTHY G. McNAMARA
Notary Public
State of New York
No. 02MC4962681
Qualified in Rockland County
Commission Expires Feb 26, 2010